ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
| iAfter having conditionally failed the Louisiana Bar Examination, petitioner, Andrea Nathan, submitted an application to take the exam on a second occasion. Attached to the application was an affidavit executed by petitioner and purportedly signed before a notary public, attesting that petitioner’s responses had not changed from her prior application and that her “answers to each question continue to be complete, true and unchanged, ...” However, the Committee on Bar Admissions (“Committee”) subsequently learned that petitioner had forged the notary’s signature on the affidavit. The Committee then denied petitioner permission to sit for the bar exam on character and fitness grounds, citing the forged affidavit.
On petitioner’s application, we granted her permission to sit for the bar exam, with the condition that upon her successful completion of the exam, she apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Nathan, 07-0221 (La.2/2/07), 949 So.2d 402.
Petitioner thereafter successfully passed the essay portion of the bar exam and applied for a commissioner. We then remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence.
During the character and fitness hearing, the commissioner received documentary evidence and heard the testimony of petitioner and a member of the _|j}Committee’s staff. Following the proceedings, the commissioner filed her report with this court, recommending that *147 petitioner be denied admission to the practice of law. Petitioner did not object to that recommendation.
The evidence presented during the hearing reflects that petitioner went to the Committee’s office in Metairie to file her bar application by hand on December 15, 2006, the last day for filing applications for the February 2007 bar exam. At that time, the Committee’s staff informed petitioner that her application was not properly completed and notarized. Petitioner was told that she could return later in the day with the completed application. When petitioner retened to the Committee’s office, her application had been “notarized” by a Baton Rouge attorney. However, the document did not bear a notary seal or bar roll number, and the signature of the notary appeared to be quite similar to that of petitioner’s. Skeptical that the notary’s signature was authentic, the Committee contacted the attorney, who denied notarizing the application for petitioner. The attorney subsequently gave a sworn statement confirming this information under oath.
Under the circumstances, there can be no doubt that petitioner has demonstrated a lack of candor which reflects adversely on her character and fitness. Petitioner knowingly forged the notary’s signature on her bar application. This fact was not disputed by petitioner; rather, she attempted to explain her dishonest conduct as a momentary lapse in judgment because of the stress she was under at the time. Petitioner’s conduct is fundamentally inconsistent with a lawyer’s duties of truth and honesty. We therefore conclude petitioner has failed to meet her burden of proving that she has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(D).
1 ^Accordingly, it is ordered that the application for admission be and hereby is denied. In accordance with Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until one year has passed from the date of this judgment.
ADMISSION DENIED.
JOHNSON, J., dissents with reasons.